**Affirmed and Memorandum Opinion filed June 13, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00719-CR

**STEVEN CORTEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 78724-CR**

## MEMORANDUM OPINION

A jury convicted appellant Steven Cortez of aggravated sexual assault of a child and indecency with a child, criminal episode. The jury sentenced appellant to thirty years in prison for the offense of aggravated sexual assault and ten years in prison for the offense of indecency with a child. The jury assessed a fine of $5,000 for each offense. The trial court ordered the sentences to be served consecutively. Appellant brings this appeal claiming: (1) the evidence is legally insufficient; and

(2) his statements to police were involuntary. For the reasons stated below, we affirm.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant claims the evidence is legally insufficient to sustain his convictions. When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The testimony from a single eyewitness may be sufficient to support a conviction. *Bowden v. State*, 628 S.W.2d 782, 784–85 (Tex. Crim. App. 1982).

Appellant was employed as a sixth-grade teacher and high school coach. The complainant was a student in appellant's class during the 2014-2015 school year. Around Christmas of the 2015-2016 school year, when the twelve-year old complainant was in seventh grade, she and appellant began communicating *via* Snapchat. During spring break, appellant met the complainant at her home, where she was alone. Appellant kissed the complaint's mouth and vagina and inserted his fingers into her vagina. Appellant pulled down his shorts and began to put his penis in the complainant's vagina, but she said, "no" and he stopped. The complainant testified that his penis did touch her vagina.

We measure sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge and as authorized in the indictment. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc). In this case,

such a charge would state that a person commits aggravated sexual assault of a child if the actor intentionally or knowingly caused the sexual organ of a child under the age of fourteen to contact the mouth of the actor. Tex. Penal Code § 22.021(a)(1)(B)(iii). Further, the charge would state that a person commits indecency with a child if the actor, with the intent to arouse or gratify the sexual desire of any person, touched any part of the genitals of a child under the age of seventeen. Tex. Penal Code § 21.11(c)(2).

The record reflects the complainant was under the age of fourteen and was never the spouse of appellant.[1] From the complainant, the jury heard testimony that appellant caused his mouth to contact her vagina. Further, the jury heard testimony that appellant touched the complainant's vagina with his fingers. The jury could infer from appellant's acts and conduct that he acted intentionally and that he did so with the intent to arouse or gratify his sexual desire. *See Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995) (stating a defendant's intent to commit sexual assault can be inferred from his acts and conduct); *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981) (stating the specific intent to arouse or gratify the sexual desires of a person may be inferred from the surrounding circumstances); *see also Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991) (jury may infer intent from any facts that tend to prove its existence, such as acts, words, and conduct of defendant). Intent is most often proven through the circumstantial evidence surrounding the crime. *Hernandez*, 819 S.W.2d at 810.

Appellant fails to identify a single element of the two offenses that lack sufficient evidence. Rather, appellant claims only that the complainant is not

---

[1] *See* Tex. Penal Code 21.11((b-1) ("It is an affirmative defense to prosecution under this section that the actor was the spouse of the child at the time of the offense.")

credible.[2] We do not reevaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The uncorroborated testimony of a child victim is sufficient to support a conviction for aggravated sexual assault or indecency with a child. *See* Tex. Code Crim. Proc. art. 38.07; *see also* Tex. Penal Code §§ 22.021, 21.11.

The record reflects a rational juror could find beyond a reasonable doubt all the essential elements of both offenses. *See Temple*, 390 S.W.3d at 360. We therefore hold the evidence was sufficient to support appellant's convictions. Appellant's first issue is overruled.

## MOTION TO SUPPRESS

Appellant filed a pre-trial motion to suppress two statements to police. The first was an audio recording made while appellant was being driven to the police station by Detective White. The second was a video recording of White's interview of appellant at the police station. The trial court denied the motion to suppress. [3] At trial, the State offered into evidence the audio recording made in the police car from White's body microphone as State's Exhibit 8 and the video recording of appellant's interview at the police station as State's Exhibit 9. On both occasions, defense counsel stated, "No objection." An instruction was given to the jury pursuant to Tex.

---

[2] We do not consider at this time appellant's further complaint that his statements were coerced because we consider all evidence in the record, whether it was admissible or inadmissible, in reviewing the sufficiency of the evidence. *See Price v. State*, 502 S.W.3d 278, 282 (Tex. App.— Houston [14th Dist.] 2016, no pet.).

[3] The trial court filed written findings of fact and conclusions of law. *See* Tex. Code Crim. Proc. art. 38.22, § 6; *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004).

Code Crim. Proc. art. 38.23(a).[4] Appellant presents a single argument for issues two through five — that his statements to White were involuntary.[5]

A statement is involuntary if the record reflects official, coercive conduct such that it is unlikely to have been the product of an essentially free and unconstrained choice by the accused. *Alvarado v. State*, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995). The test is whether the defendant's will was "overborne" by police coercion. *Guardiola v. State*, 20 S.W.3d 216, 223 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *see Gomes v. State*, 9 S.W.3d 373, 377–78 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). It is the State's burden to prove the voluntariness of a confession once an accused claims it was not. *See Farr v. State*, 519 S.W.2d 876, 880 (Tex. Crim. App. 1975). To make this determination, we look at the totality of the circumstances. *Guardiola*, 20 S.W.3d at 223.

A confession may be deemed "involuntary" under three theories: (1) failure to comply with Tex. Code Crim. Proc. art. 38.22; (2) failure to comply with *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); or (3) a violation of due process. *See Oursbourn v. State*, 259 S.W.3d 159, 169–72 (Tex. Crim. App.

---

[4] The charge provided: "You are instructed that unless you believe from the evidence beyond a reasonable doubt that the alleged confession introduced into evidence was voluntarily made by the defendant, or if you have a reasonable doubt thereof, you shall not consider such alleged confession for any purpose nor any evidence obtained as a result thereof."

[5] The State contends appellant failed to preserve this complaint because he stated "no objection" when the statements were offered into evidence. The Texas Court of Criminal Appeals has held that, although a motion to suppress preserves error without the need to object when the challenged evidence is subsequently offered at trial, a defendant waives his complaint if he affirmatively states "no objection" when the evidence is offered. *See, e.g. Gearing v. State*, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985), *overruled on other grounds by Woods v. State*, 956 S.W.2d 33 (Tex. Crim. App. 1997). However, the court has clarified that this principle is "context-dependent," meaning that if the entire record plainly demonstrates the defendant did not intend, and the trial court did not construe, the "no objection" assertion to abandon the earlier preserved complaint, the complaint is not waived. *See Thomas v. State*, 408 S.W.3d 877, 885 (Tex. Crim. App. 2013). Regardless, for the reasons stated below, we need not decide whether appellant's statement of "no objection" waived the issue on appeal.

5

2008); *see also Williams v. State*, 502 S.W.3d 262, 272 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *Umana v. State*, 447 S.W.3d 346, 350 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). Appellant's brief cites U.S. Const. Amend V, XIV; *Miranda,* 384 U.S. at 436; Tex. Code Crim. Proc. arts. 38.22, 38.23; and Tex. Const. art. I, §§ 9, 10, 19, in support of his claim that his statements were involuntary. However, at the hearing on the motion to suppress, counsel expressly limited the grounds for challenging admission of the statements to White's "trickery." Counsel stated that she was "strictly concerned" about White's allusions to surveillance cameras and videos or recordings that did not exist. Our review on appeal is limited to the complaint made to the trial court.[6]

We first address the admission of State's Exhibit 8, the audio recording. Appellant claims that he was "deceived" about being recorded while he was in the police car. Assuming, without deciding, this issue was preserved, appellant did not admit or confess to anything, much less anything incriminatory, on the audio recording. Because appellant's statement in no way implicated him, there is no reasonable possibility that the error, if any, in admitting State's Exhibit 8, "moved the jury from a state of nonpersuasion to one of persuasion as to the issue in question." *Wesbrook*, 29 S.W.3d at 119. Accordingly, any error is harmless. *See* Tex. R. App. P. 44.2(a).

We now consider the admission of State's Exhibit 9, the video recording. Appellant complains that during the interview White misrepresented the existence of video evidence that could be used against him. The record reflects, and the State

---

[6] Appellant makes no reference in his brief to an actual trial objection that would comport with additional arguments made on appeal. *See Gibson v. State*, 541 S.W.3d 164, 166 (Tex. Crim. App. 2017). Accordingly, those complaints present nothing for our review. *See* Tex. R. App. P. 33.1(a).

does not dispute, that White represented to appellant there might be or was evidence from video surveillance cameras supporting the complainant's allegations.

"It is well established that lying about the state of the evidence is not the sort of "overreaching" that implicates [due process], as long as the subterfuge used is not one likely to produce an untrue statement." *Oursbourn*, 259 S.W.3d at 182. "The voluntariness of a confession is not destroyed, and a confession induced by deception or trickery, is not inadmissible, unless the method used was calculated to produce an untruthful confession or was offensive to due process." *Rodriquez v. State*, 934 S.W.2d 881, 890–91 (Tex. App.—Waco 1996, no pet.) (concluding a confession given after defendant was falsely told the victim, on his deathbed, identified him as the assailant was not involuntary.); *see also Frazier v. Cupp*, 394 U.S. 731, 737–39, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969) (holding a confession given after defendant was falsely told that his codefendant had turned State's evidence was not involuntary); *Snow v. State*, 721 S.W.2d 943, 946 (Tex. App.—Houston [1st Dist.] 1986, no pet.) (concluding that even if defendant was told that he was being interviewed as a witness, not a suspect, his confession was not "so tainted by trickery that it violated due process.").

Misrepresentations such as those made by White do not render an otherwise voluntary confession inadmissible. *See Weaver v. State*, 265 S.W.3d 523, 534 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (citing *Green v. State*, 934 S.W.2d 92, 99 (Tex. Crim. App. 1996)). "Of the numerous types of police deception, a misrepresentation relating to an accused's connection to the crime is the least likely to render a confession involuntary." *Green*, 934 S.W.2d at 100. White's misrepresentations were not the type of deception likely to cause an involuntary confession because they related to appellant's connection to the crime and the

7

strength of the State's case against appellant. *See id*; *see also Rodriquez*, 934 S.W.2d at 890.

Based upon our review of appellant's entire interrogation, we determine the trial court did not err in concluding that appellant's confession was voluntary. Accordingly, we overrule appellant's remaining issues and affirm the trial court's judgment.


/s/     Margaret "Meg" Poissant
Justice


Panel consists of Justices Wise, Jewell and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).